John E. Flaherty
Jonathan M.H. Short
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiffs Horizon Pharma, Inc.
and Pozen Inc..*

Ricardo Rodriguez
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

*Of Counsel for Plaintiff Horizon Pharma, Inc.*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
(512) 542-8400

*Of Counsel for Plaintiff Pozen Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON PHARMA, INC. and POZEN INC.,<br><br>            Plaintiffs,<br>    v.<br><br>LUPIN LTD. and LUPIN<br>PHARMACEUTICALS INC.,<br><br>            Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT FOR PATENT<br>INFRINGEMENT AND<br>CERTIFICATION PURSUANT TO<br>LOCAL CIVIL RULE 11.2** |

Plaintiffs Horizon Pharma, Inc. and Pozen Inc. (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Lupin Ltd. and Lupin Pharmaceuticals Inc. (collectively, "Defendants"), allege as follows:

## THE PARTIES

1.      Plaintiff Horizon Pharma, Inc. ("Horizon") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 520 Lake Cook Road, Suite 520, Deerfield, Illinois 60015.

2.      Plaintiff Pozen Inc. ("Pozen") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 1414 Raleigh Road, Chapel Hill, North Carolina 27517.

3.      On information and belief, Defendant Lupin Ltd. is a corporation operating and existing under the laws of India, with its principle place of business at B/4 Laxmi Towers, Bandra Kurla Complex, Bandra (E), Mumbai 400 051, India, and its registered office at 159 CST Road, Kalina, Santacruz (E), Mumbai 400 098, India.  On information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing, marketing, and obtaining regulatory approval of generic copies of branded pharmaceutical products throughout the United States, including within this district.

4.      On information and belief, Defendant Lupin Pharmaceuticals Inc. ("Lupin Inc.") is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principle place of business at 111 South Calvert Street, 21st Floor, Baltimore, MD 21202.  On information and belief, Lupin Inc. is in the business of, *inter alia*, selling and distributing generic copies of branded pharmaceutical products, including some that are manufactured by Lupin Ltd.

and/or for which Lupin Ltd. is the named applicant of the approved ANDAs, throughout the United States, including within this district.

5.      On information and belief, Lupin Inc. is a wholly-owned subsidiary of Lupin Ltd.

6.      On information and belief, Lupin Inc. is within the control of Lupin Ltd. for purposes of responding to discovery in this action.

## BACKGROUND

### The NDA

7.      Horizon is the holder of New Drug Application ("NDA") No. 022511 for VIMOVO® (naproxen and esomeprazole magnesium) Delayed-Release Tablets, in 375 mg (naproxen)/20 mg (esomeprazole magnesium) and 500 mg (naproxen)/20 mg (esomeprazole magnesium) dosage forms.

8.      VIMOVO® Delayed-Release Tablets are prescription drugs approved for use to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with non-steroidal anti-inflammatory drugs (NSAIDs). Naproxen and esomeprazole magnesium are the active ingredients in VIMOVO® Delayed-Release Tablets.

### The Patents-in-Suit

9.      United States Patent No. 8,852,636 ("the '636 patent"), entitled "Pharmaceutical Compositions for the Coordinated Delivery of NSAIDs" was duly and legally issued by the United States Patent and Trademark Office on October 7, 2014. The claims of the '636 patent are directed to pharmaceutical compositions in unit dosage form comprising esomeprazole and naproxen (claims 1–4, 7–10, 13–18) and methods of treating a patient for pain or inflammation

2

comprising administration of the aforementioned compositions (claims 5–6, 11–12). A true and correct copy of the '636 patent is attached as Exhibit A.

10.     Pozen owns the '636 patent by assignment.  Horizon is Pozen's exclusive licensee under the '636 patent.  The '636 patent will expire on May 31, 2022.

11.     The '636 patent is listed in the FDA Orange Book in connection with NDA No. 022511 for VIMOVO® Delayed-Release Tablets.

12.     United States Patent No. 8,858,996 ("the '996 patent"), entitled "Pharmaceutical Compositions for the Coordinated Delivery of NSAIDs," was duly and legally issued by the United States Patent and Trademark Office on October 14, 2014.  The claims of the '996 patent are directed to pharmaceutical compositions in unit dosage form comprising esomeprazole and naproxen (claims 1–9, 12–15) and methods of treating a patient for pain or inflammation comprising administration of the aforementioned compositions (claims 10–11, 16–19). A true and correct copy of the '996 patent is attached as Exhibit B.

13.      Pozen owns the '996 patent by assignment.   Horizon is Pozen's exclusive licensee under the '996 patent.  The '996 patent will expire on May 31, 2022.

14.     The '996 patent is listed in the FDA Orange Book in connection with NDA No. 022511 for VIMOVO® Delayed-Release Tablets.

**Related Patents**

15.     United States Patent No. 6,926,907 ("the '907 patent"), entitled "Pharmaceutical Compositions for the Coordinated Delivery of NSAIDs," was duly and legally issued by the United States Patent and Trademark Office on August 9, 2005.  The claims of the '907 patent are directed to pharmaceutical compositions that provide for the coordinated release of an acid

inhibitor and an NSAID (claims 1–21, and 53–55) and methods of treating a patient for pain or inflammation comprising administration of the aforementioned compositions (claims 22–52).

16.     Pozen owns the '907 patent by assignment.  Horizon is Pozen's exclusive licensee under the '907 patent.  The '907 patent will expire on February 28, 2023.

17.     The '907 patent is listed in the FDA Orange Book in connection with NDA No. 022511 for VIMOVO® Delayed-Release Tablets.

18.     United States Patent No. 8,557,285 ("the '285 patent"), entitled "Pharmaceutical Compositions for the Coordinated Delivery of NSAIDs," was duly and legally issued by the United States Patent and Trademark Office on October 15, 2013.  The claims of the '285 patent are directed to pharmaceutical compositions in unit dosage form comprising esomeprazole and naproxen.

19.     Pozen owns the '285 patent by assignment.  Horizon is Pozen's exclusive licensee under the '285 patent.  The '285 patent will expire on May 31, 2022.

20.     The '285 patent is listed in the FDA Orange Book in connection with NDA No. 022511 for VIMOVO® Delayed-Release Tablets.

**The ANDA**

21.     On information and belief, Defendants filed ANDA No. 202654  ("Defendants' ANDA") with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and sale in the United States of naproxen and esomeprazole magnesium delayed-release tablets, 500 mg (naproxen)/20 mg (esomeprazole magnesium) ("Lupin's ANDA Product"), which are generic versions of Plaintiffs' VIMOVO® Delayed-Release Tablets in the 500 mg (naproxen)/20 mg (esomeprazole magnesium) strength.

22.     By letter dated June 10, 2011 (the "ANDA Notice Letter"), Defendants notified AstraZeneca AB (Horizon's predecessor-in-interest as holder of NDA No. 022511 and as exclusive licensee for the '907 patent and the '285 patent) and Pozen that Defendants had filed ANDA No. 202654 seeking approval to market Lupin's ANDA Product and that Defendants were providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95 regarding certain patents including the '907 patent.

23.     By letter dated March 12, 2014 (the "March ANDA Notice Letter"), Defendants notified Plaintiffs that Defendants had filed ANDA No. 202654 seeking approval to market Lupin's ANDA Product and that Defendants were providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95 regarding certain patents including the '285 patent.

24.     By letter dated January 23, 2015, Plaintiffs requested that Defendants provide Paragraph IV certifications with respect to *inter alia* the patents in suit.  Defendants failed to provide a response.

## JURISDICTION AND VENUE

25.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

26.     On information and belief, Defendants have been and are engaging in activities directed toward infringement of the '636 and '996 patents  (collectively, the "patents-in-suit") by, *inter alia*, submitting to the FDA ANDA No. 202654 and continuing to seek approval for Lupin's ANDA Product.

27.     Defendants' ANDA Notice Letter states Defendants' intention to seek FDA approval to market a generic version of the VIMOVO® product before the related '907 patent expires on February 28, 2023.

28.     There is now an actual controversy between Defendants and Plaintiffs as to whether Defendants' infringe or will infringe the '636 and '996 patents with Lupin's ANDA Product.

29.     Upon information and belief, Lupin Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Lupin Ltd., itself and through its wholly owned subsidiary Lupin Inc., has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court in New Jersey. Upon information and belief, Lupin Ltd., itself and through its wholly owned subsidiary Lupin Inc., manufactures, markets, and/or sells generic drugs throughout the United States and within the State of New Jersey, and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey. Lupin Ltd. is subject to personal jurisdiction in New Jersey on the basis of its inducement of and/or contribution to Lupin Inc.'s acts of infringement in New Jersey. In addition, Lupin Ltd. is subject to personal jurisdiction in New Jersey because, on information and belief, it controls and dominates Lupin Inc. and therefore the activities of Lupin Inc. in this jurisdiction are attributed to Lupin Ltd.

30.     On information and belief, this Court has personal jurisdiction over Lupin Inc. because Lupin Inc. has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court in New Jersey. Upon information and belief, Lupin Inc. manufactures, markets, and/or sells generic drugs throughout

6

the United States and within the State of New Jersey and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

31.     On information and belief, Lupin Inc. is registered to do business in New Jersey (business identification number 0100953673) and has appointed National Registered Agents, Inc., located at 100 Canal Pointe Blvd., Suite 212, Princeton, NJ 08540, as its registered agent for the receipt of service of process

32.     On information and belief, Lupin Ltd. and Lupin Inc. have availed themselves of the jurisdiction of this court by initiating litigation in this district. See, e.g., *Lupin Ltd. and Lupin Pharm. Inc. v. Merck, Sharp & Dohme Corp.*, Civ. Action No. 3:10-CV-683-JAP-TJB (D.N.J.)

33.     On information and belief, both Lupin Ltd. and Lupin Inc. have previously been sued in this district and have not challenged personal jurisdiction. See, e.g., *AstraZeneca AB et al. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 3:09-cv-05404-JAP-TJB (D.N.J.); *Abbott Labs and Laboratoires Fournier S.A. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 2:09-cv-01007-GEB-MCA (D.N.J.); *Abbott Labs and Laboratoires Fournier S.A. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 2:10-cv-01578-DMC-JAD (D.N.J.); *Tibotec Inc. and Tibotec Pharm. v. Lupin Ltd., et al.*, Civ. Action No. 2:10-cv-05954-WHW-MAS (D.N.J.); *Novartis Corp. et al. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 2:06-cv-05954-GEBES (D.N.J.); and *Elan Int'l. Ltd. and Fournier Laboratories Ireland Ltd.*, Civ. Action No. 2:09- cv-01008-GEB-MCA (D.N.J.).

34.     On information and belief, the acts of Lupin Inc. complained of herein were done at the direction of, with the authorization of, and with the cooperation, participation, and assistance of Lupin Ltd.

35.     On information and belief, Defendants acted in concert to develop Lupin's ANDA Product and to seek approval from the FDA to sell Lupin's ANDA Product throughout the United States, including within this judicial district.

36.     On information and belief, by virtue of, *inter alia*, Defendants' continuous and systematic contacts with New Jersey, including but not limited to the above-described contacts, and the actions on behalf of Defendants in connection with ANDA No. 202564, this Court has personal jurisdiction over Defendants.  These activities satisfy due process and confer personal jurisdiction over Defendants consistent with New Jersey law.

37.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## COUNT I
## (INFRINGEMENT OF THE '636 PATENT UNDER 35 U.S.C. § 271(e)(2))

38.     Plaintiffs incorporate by reference paragraphs 1–37 of this Complaint as if fully set forth herein.

39.     The '636 patent is a patent with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, sale, or importation of the VIMOVO® product.

40.     Accordingly, pursuant to 21 U.S.C. § 355(c)(2), Plaintiffs timely submitted patent information for the '636 patent to the FDA in connection with NDA No. 022511 for the VIMOVO® product.  This information has been published in the FDA's Orange Book.

41.     21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") requires, *inter alia*, certification by the ANDA applicant that the subject patent in the Orange Book, here the '636 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the

opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."

42.     On information and belief, Defendants were aware of the statutory provisions and regulations referred to in paragraph 40 above when they served the ANDA Notice Letter regarding certain patents including the '907 patent.

43.     On information and belief, Defendants have previously filed patent certifications in association with their ANDA No. 202654 seeking, *inter alia*, FDA final approval prior to February 28, 2023.  The '636 patent has an expiration date of May 31, 2022.  Therefore, on further information and belief, Defendants are currently pursuing FDA final approval of ANDA No. 202654 before the '636 patent expires.

44.     Pursuant to 21 U.S.C. § 355(j)(2)(A)(vii), Defendants should file a patent certification in their pending ANDA No. 202654 with respect to the '636 patent and must make a Paragraph IV certification with respect to the '636 patent if Defendants continue to seek FDA final approval of their ANDA No. 202654 before the '636 patent expires.

45.     On information and belief, the making, using, selling, or offering for sale in the United States or the importation into the United States of Lupin's ANDA Product infringes the '636 patent.

46.     Defendants have infringed, either literally or under the doctrine of equivalents, the '636 patent under 35 U.S.C. § 271(e)(2) by filing ANDA No. 202654 and continuing to seek approval from the FDA to engage in the commercial manufacture, use, sale, or importation of a drug claimed in the '636 patent before the expiration of the '636 patent.

47.     On information and belief, Lupin's ANDA Product contains the pharmaceutical composition patented in the '636 patent, is a material for use in practicing the methods patented in the '636 patent, constitutes a material part of the inventions of the '636 patent, is especially made or especially adapted for use in an infringement of the '636 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, Defendants are aware that Lupin's ANDA Product is so made or so adapted.  On information and belief, Defendants are aware that Lupin's ANDA Product, if approved, will be used in contravention of Plaintiffs' rights under the '636 patent.

48.     On information and belief, Defendants' above-described activities are continuing and constitute an act of infringement of the '636 patent under 35 U.S.C. § 271(e)(2).

49.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT II
## (DECLARATORY JUDGMENT AS TO THE '636 PATENT)

50.     Plaintiffs incorporate by reference paragraphs 1–49 of this Complaint as if fully set forth herein.

51.     The '636 patent is a patent with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, sale, or importation of the VIMOVO® product.

10

52.     On information and belief, Lupin's ANDA Product contains the pharmaceutical composition patented in the '636 patent, is a material for use in practicing the methods patented in the '636 patent, constitutes a material part of the inventions of the '636 patent, is especially made or especially adapted for use in an infringement of the '636 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, Defendants are aware that Lupin's ANDA Product is so made or so adapted.

53.     On information and belief, the making, using, selling, or offering for sale in the United States or the importation into the United States of Lupin's ANDA Product before the expiration of the '636 patent constitutes infringement of the '636 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

54.     On information and belief, Defendants have previously filed patent certifications in association with their Lupin's No. 202654 seeking, *inter alia*, FDA final approval to market Lupin's ANDA Product before February 28, 2023.

55.     The ANDA Notice Letter show Defendants' intent to market Lupin's ANDA Product before the '636 patent expires on May 31, 2022.

56.     On information and belief, Defendants continue to seek FDA final approval for Lupin's ANDA Product.  On information and belief, Defendants are aware that the manufacture, use, sale, or offer for sale in the United States or the importation into the United States of Lupin's ANDA Product, if approved, will infringe the '636 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

57.     On information and belief, Defendants have made, and will continue to make, substantial preparation to manufacture, use, sell, or offer to sell in the United States or import into the United States Lupin's ANDA Product before the '636 patent expires.

58.     On information and belief, Defendants intend to engage in the commercial manufacture, use, sale, or offer for sale in the United States or importation into the United States of Lupin's ANDA Product after receiving FDA final approval of ANDA No. 202654 and before the '636 patent expires.

59.     Defendants maintain, on information and belief, and Plaintiffs deny that the '636 patent is invalid or unenforceable and that Lupin's ANDA Product does not or will not infringe the '636 patent.  Accordingly, a definite and concrete, real and substantial, justiciable case or controversy exists between Plaintiffs and Defendants concerning infringement of the '636 patent by Lupin's ANDA Product.

60.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

61.     Plaintiffs are entitled to a declaration that the making, using, sale, or offer for sale in the United States or the importation into the United States of Lupin's ANDA Product will infringe one or more claims of the '636 patent.

<u>**COUNT III**</u>
<u>**(INFRINGEMENT OF THE '996 PATENT UNDER 35 U.S.C. § 271(e)(2))**</u>

62.     Plaintiffs incorporate by reference paragraphs 1–61 of this Complaint as if fully set forth herein.

63.     The '996 patent is a patent with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, sale, or importation of the VIMOVO® product.

64.     Accordingly, pursuant to 21 U.S.C. § 355(c)(2), Plaintiffs timely submitted patent information for the '996 patent to the FDA in connection with NDA No. 022511 for the VIMOVO® product.  This information has been published in the FDA's Orange Book.

65.     21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") requires, *inter alia*, certification by the ANDA applicant that the subject patent in the Orange Book, here the '996 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."

66.     On information and belief, Defendants were aware of the statutory provisions and regulations referred to in paragraph 64 above when they served the ANDA Notice Letter regarding certain patents including the '907 patent.

67.     On information and belief, Defendants have previously filed patent certifications in association with their ANDA No. 202654 seeking, *inter alia*, FDA final approval prior to February 28, 2023.  The '996 patent has an expiration date of May 31, 2022.  Therefore, on further information and belief, Defendants are currently pursuing FDA final approval of ANDA No. 202654 before the '996 patent expires.

13

68.     Pursuant to 21 U.S.C. § 355(j)(2)(A)(vii), Defendants should file a patent certification in their pending ANDA No. 202654 with respect to the '996 patent and must make a Paragraph IV certification with respect to the '996 patent if Defendants continue to seek FDA final approval of their ANDA No. 202654 before the '996 patent expires.

69.     On information and belief, the making, using, selling, or offering for sale in the United States or the importation into the United States of Lupin's ANDA Product infringes the '996 patent.

70.     Defendants have infringed, either literally or under the doctrine of equivalents, the '9966 patent under 35 U.S.C. § 271(e)(2) by filing ANDA No. 202654 and continuing to seek approval from the FDA to engage in the commercial manufacture, use, sale, or importation of a drug claimed in the '996 patent before the expiration of the '996 patent.

71.     On information and belief, Lupin's ANDA Product contains the pharmaceutical composition patented in the '996 patent, is a material for use in practicing the methods patented in the '996 patent, constitutes a material part of the inventions of the '996 patent, is especially made or especially adapted for use in an infringement of the '996 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, Defendants are aware that Lupin's ANDA Product is so made or so adapted.  On information and belief, Defendants are aware that Lupin's ANDA Product, if approved, will be used in contravention of Plaintiffs' rights under the '996 patent.

72.     On information and belief, Defendants' above-described activities are continuing and constitute an act of infringement of the '996 patent under 35 U.S.C. § 271(e)(2).

73.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT IV
## (DECLARATORY JUDGMENT AS TO THE '996 PATENT)

74.     Plaintiffs incorporate by reference paragraphs 1–73 of this Complaint as if fully set forth herein.

75.     The '996 patent is a patent with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, sale, or importation of the VIMOVO® product.

76.     On information and belief, Lupin's ANDA Product contains the pharmaceutical composition patented in the '996 patent, is a material for use in practicing the methods patented in the '996 patent, constitutes a material part of the inventions of the '996 patent, is especially made or especially adapted for use in an infringement of the '996 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, Defendants are aware that Lupin's ANDA Product is so made or so adapted.

77.     On information and belief, the making, using, selling, or offering for sale in the United States or the importation into the United States of Lupin's ANDA Product before the expiration of the '996 patent constitutes infringement of the '996 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

78.     On information and belief, Defendants have previously filed patent certifications in association with their ANDA No. 202654 seeking, *inter alia*, FDA final approval to market Lupin's ANDA Product before February 28, 2023.

79.     The ANDA Notice Letter show Defendants' intent to market Lupin's ANDA Product before the '996 patent expires on May 31, 2022.

80.     On information and belief, Defendants continue to seek FDA final approval for Lupin's ANDA Product.  On information and belief, Defendants are aware that the manufacture, use, sale, or offer for sale in the United States or the importation into the United States of Lupin's ANDA Product, if approved, will infringe the '996 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

81.     On information and belief, Defendants have made, and will continue to make, substantial preparation to manufacture, use, sell, or offer to sell in the United States or import into the United States Lupin's ANDA Product before the '996 patent expires.

82.     On information and belief, Defendants intend to engage in the commercial manufacture, use, sale, or offer for sale in the United States or importation into the United States of Lupin's ANDA Product after receiving FDA final approval of ANDA No. 202654 and before the '996 patent expires.

83.     Defendants maintain, on information and belief, and Plaintiffs deny that the '996 patent is invalid or unenforceable and that Lupin's ANDA Product does not or will not infringe the '996 patent.  Accordingly, a definite and concrete, real and substantial, justiciable case or controversy exists between Plaintiffs and Defendants concerning infringement of the '996 patent by Lupin's ANDA Product.

84.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

85.     Plaintiffs are entitled to a declaration that the making, using, sale, or offer for sale in the United States or the importation into the United States of Lupin's ANDA Product will infringe one or more claims of the '996 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     A judgment that the claims of the '636 and '996 patents are valid and enforceable;

B.     A judgment that the submission of ANDA No. 202654 by Defendants infringes one or more claims of the '636 and '996 patents under 35 U.S.C. § 271(e)(2)(A);

C.     A judgment providing that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of Defendants' ANDA No. 202654 shall be no earlier than the expiration date of the '636 patent and the '996 patent or any later exclusivity to which Plaintiffs are or become entitled;

D.     A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining Defendants, and all persons acting in concert with any of them, from making, using, selling, offering to sell, or importing the naproxen and esomeprazole magnesium product described in Defendants' ANDA No. 202654 no earlier than the expiration date of the '636 patent and the '996 patent or any later exclusivity to which Plaintiffs are or become entitled;

E.     A declaration that Defendants have infringed the '636 and '996 patents;

F.     A declaration that the commercial use, sale, offer for sale, manufacture in the United States and/or importation into the United States by Defendants of the naproxen and esomeprazole magnesium product described in Defendants' ANDA No. 202654 would infringe the '636 and '996 patents;

G.      An order preliminarily and permanently enjoining Defendants, and all persons acting in concert with any of them, from making, using, selling, offering to sell, or importing the naproxen and esomeprazole magnesium product described in Defendants' ANDA No. 202654 no earlier than the expiration date of the '636 and '996 patents or any later exclusivity to which Plaintiffs are or become entitled;

H.      Attorneys' fees in this action pursuant to 35 U.S.C. § 285;

I.      Costs and expenses in this action; and

J.      Such further and other relief as this Court may deem just and proper.


Dated:  May 13, 2015                         Respectfully submitted,


                                    By:  *s/ John E. Flaherty*
                                        John E. Flaherty
                                        Jonathan M.H. Short
                                        MCCARTER & ENGLISH, LLP
                                        Four Gateway Center
                                        100 Mulberry Street
                                        Newark, New Jersey 07102
                                        (973) 622-4444

                                        *Counsel for Plaintiffs Horizon Pharma,*
                                        *Inc. and Pozen Inc.*

                                        Stephen M. Hash
                                        VINSON & ELKINS LLP
                                        2801 Via Fortuna, Suite 100
                                        Austin, TX 78746-7568
                                        (512) 542-8400

                                        *Of Counsel for Plaintiff Pozen Inc.*

                                        Ricardo Rodriguez
                                        COOLEY LLP
                                        3175 Hanover Street
                                        Palo Alto, CA 94304-1130
                                        (650) 843-5000

18

*Of Counsel for Plaintiff Horizon Pharma, Inc.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is the subject of the following actions:

*HORIZON PHARMA, INC. et al. v. DR. REDDY'S LABS. INC., et al.*, C.A. No. 3:11-cv-02317-MLC-DEA (D.N.J.);

*HORIZON PHARMA, INC. et al. v. DR. REDDY'S LABS. INC. et al*, C.A. No. 3:13-cv-00091-MLC-DEA (D.N.J.);

*HORIZON PHARMA, INC. et al. v. LUPIN LTD., et al.*, C.A. No. 3:11-cv-04275-MLC-DEA (D.N.J.);

*HORIZON PHARMA, INC. et al. v. ACTAVIS LABORATORIES FL., INC., et al.*, C.A. No. 3:13-cv-03038-MLC-DEA (D.N.J.);

*HORIZON PHARMA, INC. et al. v. MYLAN PHARMACEUTICALS et al.*, C.A. No. 3:13-cv-04022-MLC-DEA (D.N.J.)

The foregoing cases involve products that contain esomeprazole magnesium and naproxen. The matter in controversy involves the same esomeprazole magnesium and naproxen formulations. All of these cases have been assigned to Hon. Mary L. Cooper, U.S.D.J. The Dr. Reddy's, Lupin, Actavis, and Mylan Pharmaceuticals cases have been consolidated for discovery purposes and have been assigned to Magistrate Judge Arpert.

Therefore, for the sake of judicial economy and with regard to Judge Cooper's and Judge Arpert's familiarity of the patents asserted in the matter in controversy, Plaintiffs believe these cases and the matter in controversy are all related. Accordingly, Plaintiffs respectfully request that the matter in controversy be assigned to Judge Cooper and Magistrate Judge Arpert.

Dated:  May 13, 2015                              Respectfully submitted,


By:  *s/ John E. Flaherty*
     John E. Flaherty
     Jonathan M.H. Short

MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs Horizon Pharma, Inc. and Pozen Inc.*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
(512) 542-8400

*Of Counsel for Plaintiff Pozen Inc.*

Ricardo Rodriguez
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

*Of Counsel for Plaintiff Horizon Pharma, Inc.*